**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **RICHARD LUNA,** | § | |
| **TDCJ No. 01164313,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **A-20-CV-685-RP** |
| | § | |
| **BRYAN COLLIER, LORIE DAVIS,** | § | |
| **FELIPE GONZALEZ, and** | § | |
| **AR'LISA SIMON-HASTINGS[1],** | § | |
| **Defendants.** | § | |

## ORDER

Before the Court is Plaintiff Richard Luna's pro se complaint filed pursuant to 42 U.S.C.
§ 1983. (ECF No. 1.) Defendants filed a motion to dismiss (ECF No. 5) to which Plaintiff
responded (ECF Nos. 9-10.)

## I. Factual Background

Plaintiff is currently incarcerated in the Terrell Unit at the Texas Department of Criminal
Justice—Correctional Institutions Division (TDCJ-CID). Plaintiff names the following
defendants in their individual and official capacities: Bryan Collier, Executive Director of TDCJ;
Lorie Davis, Director of TDCJ-CID; Felipe Gonzalez, Warden; and Ar'Lisa Simon-Hastings,
Chief Classification Officer. Plaintiff's allegations are as follows.

Plaintiff alleges he was subjected to sexual harassment and threats in his boot camp
housing at the Terrell Unit. On May 22, 2019, he claims he request to be moved, but his request
was ignored. On August 26, 2019, Plaintiff allegedly complained to Officer Fasanya Taivo about
the sexual harassment and asked if he could be moved from the boot camp to the main building.
Officer Taiyo conducted an investigation and on August 29, 2019, Plaintiff was brought before

---

[1] Defendants Bryan Collier and Ar'Lisa Simon-Hastings's names are misspelled in Plaintiff's complaint and are
changed to reflect the correct spelling.

the Unit Classification Committee (UCC) and reassigned to the main building. (ECF No. 1-3 at 6.)

On January 7, 2020, Defendant Simon-Hastings allegedly transferred Plaintiff from the main building back to his boot camp. Plaintiff alleges that, immediately upon his return to the boot camp, he was assaulted. His teeth were knocked out, his arm was dislocated, and he suffered face lacerations. Plaintiff was then charged with a disciplinary violation for fighting. Plaintiff alleges Defendants Collier, Davis, and Gonzalez have a policy of disciplining offenders so they will not make complaints pursuant to the Prison Rape Elimination Act (PREA). Plaintiff further alleges that, after the assault, Defendant Simon-Hastings told him "this will teach [you] a lesson about going over [my] head with housing moves." Plaintiff further states that, when Simon-Hastings transferred him, she assigned him to a second-floor unit knowing it was medically necessary for him to have a first-floor unit. (ECF No. 1-3 at 7.)

Plaintiff alleges that Defendant Gonzalez was aware of what Simon-Hastings was doing because Plaintiff wrote Gonzalez a letter about it while Plaintiff was in a respite area and because Gonzalez reviewed his Step 1 grievance. Although Plaintiff did not attach his grievances to his complaint,[2] he did attach an unsworn declaration stating the response to his Step 1 grievance was as follows:

> Your grievance was investigated, and it appears this was an unintentional act not meant to cause you harm. Corrective action was taken by staff to prevent you and Offender Stout, Andrew from every being house together again. No further action is warranted.

(ECF No. 1-3 at 12.)

---

[2] Plaintiff attached his Step 1 and Step 2 grievances to his "Preliminary Response" (ECF No. 9). In deciding a motion to dismiss for failure to state a claim, the Court limits its review to "the facts stated in the complaint and the documents either attached to or incorporated in the complaint. . . . [and] matters of which [it] may take judicial notice." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996). Accordingly, the Court will not refer to these documents in deciding this motion.

Plaintiff further alleges that Defendant Davis has a "policy and practice of not enforcing PREA requirements by her employees" (*id.* at 8) and that Defendant Collier intentionally ignores violations of PREA and does not enforce PREA law in TDCJ-CID.

Plaintiff claims Defendants have violated his due process and equal protection rights under the Fourteenth Amendment; his right to be free from cruel and unusual punishment under the Eighth Amendment, and his right to petition the government under the First Amendment "when they allowed him to be beaten and subjected him to be beaten in retaliation for his PREA complaints." (*Id.* at 9.)[3] Plaintiff seeks mandamus relief in the form of this Court ordering defendants to provide Plaintiff with all the rights and remedies available to him under PREA law; he also seeks compensatory, nominal, and punitive damages, as well as declaratory and injunctive relief.

Defendants filed a motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1) (dismissal for lack of subject matter jurisdiction) and 12(b)(6) (dismissal for failure to state a claim upon which relief can be granted). Defendants argue they are entitled to Eleventh Amendment immunity on Plaintiff's official-capacity claims seeking money damages; Plaintiff has failed to exhaust his administrative remedies; Defendants Collier, Davis, and Gonzalez were not personally involved in any deprivation of Plaintiff's constitutional rights; and the remaining claims all fail to state a claim upon which relief can be granted. (ECF No. 5.)

Pursuant to a court order, Plaintiff filed two responses: one in which he attached his Step 1 and Step 2 grievances complaining about his transfer (ECF No. 9), and one where he argues all

---

[3] To the extent Plaintiff brings claims alleging violations of the Texas Constitution or Texas Bill of Rights, these claims must be dismissed. Plaintiff cannot bring claims against individual capacity defendants for purported violations of the Texas Constitution because "Texas has no provision comparable to [Section] 1983." *See Beaumont v. Buillion*, 896 S.W.2d 143, 147 (Tex. 1995). As a general matter, there is no private right of action for damages under the Texas Constitution. *Id.*; *see also Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 507 (5th Cir. 2001) ("[The plaintiff's] civil rights claims under the state constitution are similarly unavailing because tort damages are not recoverable for violations of the Texas Constitution.").

the defendants were personally involved and that they are not entitled to either Eleventh Amendment immunity or qualified immunity (ECF No. 10).

## II. Discussion and Analysis

**1. Mandamus Relief**

Plaintiff states he seeks mandamus relief to "compel Defendants to provide him the protections of the PREA law." (ECF No. 1-3 at 9-10.) "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). Section 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Federal courts lack "the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Clerk, DeKalb Cnty. Super. Ct.*, 474 F.2d 1275, 1275-76 (5th Cir. 1973).

None of the defendants are officers or employees of the United States or any federal agency. Consequently, this Court is without power to order them to take a particular action with regard to Petitioner's civil rights complaint. As such, Petitioner's request for mandamus relief must be dismissed. *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack power to mandamus state courts in the performance of their duties).

**2. Eleventh Amendment Immunity**

Pursuant to the Eleventh Amendment, federal courts are without jurisdiction over suits against a state unless that state has waived its sovereign immunity or Congress has clearly

abrogated it. *Moore v. La. Bd. of Elementary and Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014). A federal court may, however, "enjoin a state official in his official capacity from taking future actions in furtherance of a state law that offends federal law or the federal Constitution." *Moore*, 743 F.3d at 963 (citing *Idaho v. Coeur d'Alene Tribe of Idaho,* 521 U.S. 261, 269 (1997)). A suit against a state official in their official capacity is no different than a suit against the state itself. *Green v. State Bar of Tex.*, 27 F.3d 1083, 1087 (5th Cir. 1994). A state's sovereign immunity under the Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such a claim is essentially against the state itself. *Id.* Accordingly, Defendants are entitled to Eleventh Amendment immunity on Plaintiff's claims against them in their official capacities for monetary relief.

### 3.   Failure to Exhaust Administrative Remedies

Defendants argue that Plaintiff's complaint should be dismissed for failure to exhaust administrative remedies. The Prison Litigation Reform Act (PLRA) was enacted to reduce the number of prisoner suits by weeding out unmeritorious complaints. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory. *Woodford*, 548 U.S. at 85. Exhaustion is defined by a particular prison's grievance procedures, and courts may not add or subtract from these requirements. *Cantwell v. Sterling*, 788 F.3d 507, 509 (5th Cir. 2015). Exhaustion is not jurisdictional; rather, it is affirmative defense and the defendant bears the burden of proof. *Jones v. Bock*, 549 U.S. 199, 216 (2007). As such, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Id.* A court can dismiss a

complaint for failure to exhaust if "the complaint itself makes clear that the prisoner failed to exhaust." *Caribe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007).

Defendants argue Plaintiff's complaint should be dismissed because Plaintiff failed to attach his Step 1 and Step 2 grievances to his complaint. Although Plaintiff did not attach his grievances to his complaint, he did attach an unsworn declaration declaring under penalty of perjury that he exhausted his administrative remedies prior to filing suit. (ECF No. 1-3 at 12.) Defendants failed to show otherwise and failed to meet their burden of proof. Accordingly, Defendants' motion to dismiss based on failure to exhaust administrative remedies is denied.

### 4.   Claims Against Defendants Collier, Davis, and Gonzalez

Defendants Collier, Davis, and Gonzalez move to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6), arguing he failed to allege facts suggesting they were personally involved in any deprivation of his constitutional rights. In response, Plaintiff argues that Defendants Collier and Davis's personal involvement arises from (1) their intentional refusal to enforce the requirements of the PREA and (2) their intentional ignoring of PREA violations. Plaintiff further argues that Defendant Gonzalez was personally involved because Plaintiff wrote to Gonzalez about the assault while Plaintiff was in respite, and because Gonzales reviewed Plaintiff's Step 1 grievance.

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead sufficient facts to state a claim for relief that is plausible on its face. Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678.

In deciding a motion to dismiss under Rule 12(b)(6), a court will accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *See Raj v. La. State Univ.*, 714 F.3d 322, 329-30 (5th Cir. 2013). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 679. Further, a plaintiff's factual allegations must establish more than just the "sheer possibility" a defendant has acted unlawfully. *Id.*; *Twombly*, 550 U.S. at 555 (factual allegations must be enough to raise a right to relief above the speculative level) (citation omitted). Determining a complaint's plausibility is a "context-specific task," but if the factual allegations "do not permit the court to infer more than the mere possibility of misconduct" the complaint has failed to meet the pleading standard under Rule 8(a)(2). *Iqbal*, 566 U.S. at 678.

"Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). Further, a supervisory official is not liable for the acts of his subordinates unless: (1) he affirmatively participated in an act that caused a constitutional deprivation, or (2) he implemented an unconstitutional policy that resulted in injury to the plaintiff. *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992) (citing *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987)).

Accepting Plaintiff's allegations as true, Plaintiff's complaint nonetheless fails to allege facts suggesting any causal connection between Collier, Davis, and Gonzalez's conduct and a constitutional violation or that their failure to enforce the PREA was the "moving force" behind the deprivation of Plaintiff's constitutional rights. Further, even assuming Plaintiff informed Gonzalez about the assault and that Gonzalez reviewed Plaintiff's Step 1 grievance, this still fails

to show Gonzalez's personal involvement. Accordingly, the Court grants Defendants Collier, Davis, and Gonzalez's motion to dismiss for failure to state a claim.

**5.  Claims Against Defendant Simon-Hastings**

a.  <u>Eighth Amendment</u>

Plaintiff alleges Defendant Simon-Hastings violated his Eighth Amendment rights when she transferred him from the main building to his former boot camp. Under the Eighth Amendment, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citations omitted); *Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006). In order to state a claim for failure to protect under § 1983, a plaintiff must demonstrate "he is incarcerated under conditions posing a substantial risk of serious harm and that the prison officials were deliberately indifferent to [the] inmate's safety." *Longoria*, 472 F.3d at 492 (citing *Farmer*, 511 U.S. at 834) (quotations omitted). Deliberate indifference requires showing that (1) a prison official was aware of facts from which they could infer a substantial risk of serious harm exists, and (2) they drew the inference. *See Williams v. Hampton*, 797 F.3d 276, 281 (5th Cir. 2015) (en banc). "'Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference.'" *Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017) (quoting *Alton v. Tex. A & M Univ.*, 168 F.3d 196, 201 (5th Cir. 1999)). Rather, the official's conduct "must be 'wanton,' which is defined to mean 'reckless.'" *Id.* (citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)). Further, the failure to alleviate a significant risk that an official should have, but did not, perceive is insufficient to show deliberate indifference. *Domino*, 239 F.3d at 756 (citing *Farmer*, 511 U.S. at 838). No liability exists if an official reasonably responded to a known substantial risk, even if the harm was not ultimately averted. *Longoria*, 473 F.3d at 593.

Plaintiff alleges Simon-Hastings transferred him from the main building back to his boot camp while knowing that he had been moved because he was being sexually harassed and threatened. He also alleges that he was immediately assaulted upon his return, after which Simon-Hastings told him "this will teach [you] a lesson about going over [my] head with housing moves." (ECF No. 1-3 at 7.) Plaintiff attached to his complaint the response he received to his Step 1 grievance, which states his grievance had been investigated "and it appears this was an unintentional act not meant to cause you harm. Corrective action was taken by staff to prevent you and Offender Stout, Andrew from ever being housed together again." Plaintiff also alleges that Simon-Hastings assigned him to a second-floor unit while knowing he medically required a first-floor unit.

To the extent Plaintiff alleges Simon-Hastings was deliberately indifferent to a serious medical need by assigning him to a second-floor unit, he does not allege Simon-Hastings knew he required a first-floor unit, nor that this put him at a substantial risk of serious harm. These allegations therefore do not state a claim for deliberate indifference. *See Alderson*, 848 F.3d at 420 (official's inept, erroneous or negligent decision do not amount to deliberate indifference).

However, the Court concludes Plaintiff has stated a claim for failure to protect. He alleges that Simon-Hastings knew there was a substantial risk of serious harm if she transferred him from the main building back to the boot camp and was deliberately indifferent to that risk, i.e. she wanted to "teach him a lesson." Accordingly, Defendant Simon-Hastings's motion to dismiss Plaintiff's Eighth Amendment claim is denied.

b. First Amendment

Plaintiff next claims Simon-Hastings violated his First Amendment right "to petition the government" when she "allowed him to be beaten and subjected him to be beaten in retaliation

for his PREA complaints." (ECF No. 1-3 at 9.) Under the First Amendment, prisoners must have a "reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith,* 430 U.S. 817, 825 (1977). The right requires prison officials to provide prisoners with the tools needed for the prisoners "to attack their sentences, directly or collaterally, and ... [those necessary] to challenge the conditions of their confinement" but it does not require that prisoners are able to "discover grievances . . . [or] litigate effectively once in court." *Lewis v. Casey,* 518 U.S. 343, 354-55 (1996). The plaintiff must also allege an actual injury resulting from this deprivation, i.e. he must "demonstrate that a nonfrivolous legal claim ha[s] been frustrated or [is] being impeded." *Id.* at 351-53.

Simon-Hastings argues Plaintiff's claim fails because he does not allege she restricted his ability to access the courts. The Court agrees but, mindful of its obligation to construe pro se pleadings liberally, *see Erikson v. Pardus*, 551 U.S. 89, 94 (2007) (pro se document should "be liberally construed"); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (pro se complaints held to less stringent pleading standards than formal pleadings drafted by lawyers), the Court concludes Plaintiff's claim sounds in retaliation, rather than a denial of access to the courts, *see DeMarco v. Davis*, 914 F.3d 383, 388 (5th Cir. 2019) (under the First Amendment, prison officials may not harass or retaliate against an inmate for exercising their right of access to the courts, or for complaining to a supervisor about a guard's misconduct). Because Simon-Hastings did not address the retaliation claim in her motion to dismiss, the Court denies her motion to dismiss without prejudice to reasserting the argument in a future dispositive motion.

c.  Fourteenth Amendment

In Plaintiff's last two claims, he argues that Simon-Hastings violated his Fourteenth Amendment rights to equal protection and due process when she failed to enforce the PREA. To

establish an equal-protection violation, a plaintiff must either "prove purposeful discrimination resulting in a discriminatory effect among persons similarly situated," *Muhammad v. Lynaugh*, 966 F.2d 901, 903 (5th Cir. 1992), or that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment," *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Plaintiff makes no such allegation. The Court dismissed his claims against Collier, Davis, and Gonzalez for failure to show personal involvement, and none of his allegations against Simon-Hastings suggest she treated him differently than persons similarly situated. Accordingly, Simon-Hastings's motion to dismiss this claim is granted.

Regarding Plaintiff's due process claim, the "Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must first establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Plaintiff does not specify, however, what liberty interest he was deprived of that triggered his due process protections. Prisoners have no liberty interest in avoiding transfers to more adverse conditions of confinement, *see id.*, or in their custodial classification, *see Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999). As a result, Plaintiff has alleged no facts showing he has a liberty interest that would trigger the due process protections of the Fourteenth Amendment, and there has failed to state a due process claim under the Fourteenth Amendment.

### III. Conclusion

It is therefore **ORDERED** that Defendants' Motion to Dismiss (ECF No. 5) is **GRANTED IN PART AND DENIED IN PART**. As to the official-capacity claims for monetary relief against Defendants Collier, Davis, Gonzalez, and Simon-Hastings, those claims

are **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction under Fed. R. Civ. P. 12(b)(1). As to Defendants Collier, Davis, and Gonzalez, to the extent he sues them in their individual capacities or their official capacities for relief other than monetary relief, Plaintiff's complaint is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). The Clerk is ordered to terminate Defendants Collier, Davis, and Gonzalez from this case.

As to Defendant Simon-Hastings, Plaintiff's Fourteenth Amendment claims are **DISMISSED WITH PREJUDICE** for failure to state a claim. Simon-Hastings's Motion to Dismiss Plaintiff's Eighth and First Amendment claims is **DENIED.**

SIGNED this 9th day of February, 2021.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE