**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **RICHARD LUNA,** | § | |
| **TDCJ No. 01164313,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **A-20-CV-685-RP** |
| **BRYAN COLLIER, LORIE DAVIS,** | § | |
| **FELIPE GONZALEZ, and** | § | |
| **AR'LISA SIMON-HASTINGS,** | § | |
| **Defendants.** | § | |

## ORDER

Before the Court is Plaintiff Richard Luna's pro se complaint filed pursuant to 42 U.S.C. § 1983, Defendant Ar'Lisa Simon-Hastings Motion for Summary Judgment, and Plaintiff's Response (ECF Nos. 1, 13, 17.) Upon review of the record, the Court grants Defendant Simon-Hastings's motion for summary judgment.

## I. Statement of the Case

Plaintiff is currently in custody in the Terrell Unit at the Texas Department of Criminal Justice—Correctional Institutions Division (TDCJ-CID). In his complaint, Plaintiff alleges that after he complained about sexual harassment and death threats in his boot camp housing in August 2019, the Unit Classification Committee (UCC) reassigned Plaintiff from boot camp housing to the main building. However, on January 7, 2020, Defendant Simon-Hastings transferred him back to the boot camp, where Plaintiff was immediately assaulted and had his teeth knocked out, his arm dislocated, and suffered face lacerations. Plaintiff alleges that, after the assault, Defendant Simon-Hastings told him "this will teach [you] a lesson about going over [my] head with housing moves." (ECF No. 1.)

In March 2021, the Court granted Defendants' Motion to Dismiss, except for two claims against Defendant Simon-Hastings in her individual capacity: failure to protect and retaliation. (ECF No. 11.) Simon-Hastings now moves for summary judgment on these claims, arguing Plaintiff fails to state a claim for either retaliation or failure to protect, and that she in entitled to qualified immunity. (ECF No. 13.) Plaintiff's response restates his complaint's allegations; he also attaches a letter he addressed to the Terrell Unit's Warden dated August 24, 2019. (ECF No. 17.)

## II. Factual Background

The summary judgment evidence shows the following.[1] In May 2019, while Plaintiff was living in the boot camp at the Terrell Unit, he requested to be moved because he was being sexually harassed and threatened, but his request was ignored. (ECF No. 1 at 6.) On August 24, 2019, Plaintiff wrote a letter to the Terrell Unit Warden, stating that an inmate near him came to his bunk and sexually harassed Plaintiff and then threatened to kill Plaintiff and "fuck me when I am dead." Plaintiff also complained that certain inmates were White Supremacists and they "own this unit." (ECF No. 17 at 12.) On August 29, 2019, Plaintiff went before the UCC. The meeting notes state that Plaintiff's Offender Protection Investigation (OPI)—which the Court presumes was based off Plaintiff's August 24 letter—was unsubstantiated with no supporting evidence. Nevertheless, Plaintiff's housing was changed from boot camp to the main building. (ECF No. 13-3 at 7.)

On January 7, 2020, Simon-Hastings moved Plaintiff from the main building back to the boot camp. (ECF No. 13-3 at 13.) Plaintiff alleges he was immediately assaulted by the same offender who had previously threatened to kill him. Medical records indicate Plaintiff presented

---

[1] In Plaintiff's complaint and response to Simon-Hastings's summary judgment motion, he declared under penalty of perjury that the "foregoing statements . . . are true and correct and based on personal knowledge." (ECF Nos. 1 at 11; 17 at 11.) Accordingly, his complaint and response constitute competent summary judgment evidence. *See Hernandez v. Velasquez*, 522 F.3d 556, 561 (5th Cir. 2008) (verified pleadings are competent evidence at summary judgment); *Hart v. Hairston*, 343 F.3d 762, 765 (5th Cir. 2003) (complaint signed with a declaration of penalty under perjury that the "foregoing is true and correct" was verified).

to medical with a 1.5cm laceration to the back of his head, abrasions to and above his right eye, a 2.5cm bruise on his eyelid, and a swollen and bruised bottom lip. His wounds were cleaned, rinsed, and dermabond was applied to his lacerations. (ECF No. 13-3 at 9.) Plaintiff was removed from the general population and placed in a separate cell pending an investigation. (*Id.* at 31.) Plaintiff alleges that, sometime after the assault, Simon-Hastings told him "this will teach you a lesson about going over my head with housing moves." (ECF No. 1-3 at 7.)

After an OPI was completed, the UCC held a meeting on January 14, 2020 and found the threat to Plaintiff's safety to be substantiated and recommended a housing change as well as Plaintiff and other offender tagged as "not for same housing." (ECF No. 13-3 at 7, 30.) Simon-Hastings signed off on the housing change the same day. (ECF No. 13-1 at 20.)

On January 15, 2020, Plaintiff filed a Step 1 grievance against Simon-Hastings, complaining that, on January 7, she put him back in boot camp even though he had asked not to be placed there, and that she had put his life in danger. (ECF No. 13-1 at 13.) An emergency email notification was sent the next day regarding Plaintiff's grievance, and the Unit opened an investigation. (*Id.* at 16.) On January 25, Major Brodgrick Price sent an Inter-Office Communication regarding the grievance, concluding Plaintiff "shouldn't have been placed in the same housing location as Offender [Redacted]. A review of the camera system revealed that a fight did occur between the two offenders but it was a mutual fight. At this time the appropriate code has been placed on the [offenders'] 07 screen to ensure the two offenders will never be housed in the same living location even again." (*Id.* at 18.) On February 25, Plaintiff's Step 1 grievance was denied with the following response: "Your grievance was investigated, and it appears this was an unintentional act not meant to cause you harm. Corrective action was taken by staff to prevent you

and Offender [] from every being housed together again. No further action is warranted." (*Id*. at 14, 17.)

Plaintiff appealed his Step 1 grievance, arguing the Terrell Unit is a PREA (Prison Rape Elimination Act) Unit, and there was no excuse for his transfer to the boot camp, which was meant to cause Plaintiff harm. The appeal was denied. (*Id.* at 11-12.) This lawsuit followed.

### III. Discussion and Analysis

#### 1. Summary Judgment and Qualified Immunity

A court will, on a motion for summary judgment, render judgment if the evidence shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996); *Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). When a motion for summary judgment is made and supported, an adverse party may not rest upon mere allegations or denials but must set forth specific facts showing there is a genuine issue for trial. *Ray v. Tandem Computers, Inc.*, 63 F.3d 429, 433 (5th Cir. 1995); FED. R. CIV. P. 56.

Both movants and non-movants bear burdens of proof in the summary judgment process. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The movant with the burden of proof at trial must establish every essential element of its claim or affirmative defense. *Id.* at 322. The moving party without the burden of proof need only point to the absence of evidence on an essential element of the non-movant's claims or affirmative defenses. *Id.* at 323-24. At that point, the burden shifts to the non-moving party to "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. The non-moving party cannot rely on general

allegations but must produce "specific facts" showing a genuine issue for trial. *Tubacex v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995).

In deciding whether to grant summary judgment, the Court should view the evidence in the light most favorable to the party opposing summary judgment and indulge all reasonable inferences in favor of that party. *See James v. Sadler*, 909 F.2d 834, 837 (5th Cir. 1990). The Fifth Circuit has concluded "[t]he standard of review is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the evidence before the court." *See id.* (citing *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

"A qualified immunity defense alters the usual summary judgment burden of proof." *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010). A government official performing a discretionary function is shielded from liability for civil damages so long as his actions do not violate a clearly established right of which a reasonable person would have known. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "Once an official pleads the defense, the burden then shifts to the plaintiff, who must rebut the defense by establishing a genuine fact issue as to whether the official's allegedly wrongful conduct violated clearly established law." *Brown*, 623 F.3d at 253. The plaintiff must therefore present evidence sufficient to create a genuine dispute of material fact as to whether (1) the official's conduct violated a constitutional right of the plaintiff, and (2) the constitutional right was clearly established so that a reasonable official in the defendant's situation would have understood that his conduct violated that right. *See id.*; *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). For the right to be clearly established, the plaintiff must show that defendants had "fair warning that the alleged treatment of [Plaintiff] was unconstitutional." *Hope v. Pelzer*, 536 U.S. 730, 741 (2002). With this in mind, when considering a qualified immunity defense, the Court

still views the evidence in the light most favorable to the non-movant and draw all inferences in the non-movant's favor, *see Rosado v. Deters*, 5 F.3d 119, 122-23 (5th Cir. 1993), and cannot make credibility determinations or weigh the evidence, *see Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

    a.   *Failure to Protect*

Plaintiff alleges Simon-Hastings failed to protect him in violation of the Eighth Amendment when, on January 7, she transferred him from the main building back to the boot camp, despite knowing he had been sexually harassed and threatened there. Under the Eighth Amendment, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citations omitted); *Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006). To prevail on a failure-to-protect claim, a plaintiff must demonstrate "he is incarcerated under conditions posing a substantial risk of serious harm and that the prison officials were deliberately indifferent to an inmate's safety." *Longoria*, 472 F.3d at 492 (citing *Farmer*, 511 U.S. at 834) (quotations omitted). Prison officials act with deliberate indifference if (1) they are aware of facts from which they could infer a substantial risk of serious harm exists, and (2) they draw the inference. *See Williams v. Hampton*, 797 F.3d 276, 281 (5th Cir. 2015) (en banc). "Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference." *Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017) (quotations and citation omitted). Rather, the official's conduct "must be 'wanton,' which is defined to mean 'reckless.'" *Id.* (citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)). The failure to alleviate a significant risk that an official should have, but did not, perceive is insufficient to show deliberate indifference. *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (citing *Farmer*, 511 U.S. at 838).

The summary judgment evidence shows that Simon-Hastings authorized Plaintiff's transfer from the main building to the boot camp, whereupon he was assaulted and suffered lacerations and bruising. After the assault, Plaintiff was treated by medical for his injuries, and then placed in a separate cell pending an investigation of the assault. An OPI substantiated the threat to Plaintiff, and one week later he was transferred back to the main building. Simon-Hastings authorized the transfer.

Plaintiff alleges Simon-Hastings deliberately transferred him to the boot camp on January 7, knowing that he was not safe there, and then later told him "this will teach you a lesson about going over my head with housing moves." (ECF No. 17 at 2.) In Plaintiff's Step 1 grievance filed after the January 14 UCC meeting, he complains about Simon-Hastings but makes no mention of her statement about teaching Plaintiff a lesson. Plaintiff's conclusory allegations alone cannot create a fact issue on summary judgment. *See Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006) (a nonmoving party cannot satisfy its summary judgment burden with "conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.") (quoting *Freeman v. Tex. Dep't of Crim. Justice*, 369 F.3d 854, 860 (5th Cir. 2004)). Further, the record shows that the OPI based off Plaintiff's August 24, 2019 letter was unsubstantiated. As such, there is no evidence, beyond Plaintiff's conclusory allegations, showing that Simon-Hastings was aware of facts from which she could infer there was a substantial risk of serious harm to Plaintiff when she authorized his transfer to boot camp on January 7, 2020. Accordingly, Simon-Hastings is entitled to qualified immunity and this claim is denied.

b. *Retaliation*

In her summary judgment motion, Simon-Hastings argues Plaintiff's retaliation claim fails as a matter of law because Plaintiff does not allege a causal connection between his exercise of a

constitutional right and his transfer back to the boot camp. "Under the First Amendment, a prison official may not harass or retaliate against an inmate 'for exercising the right of access to the courts, or for complaining to a supervisor about a guard's misconduct.'" *DeMarco v. Davis*, 914 F.3d 383, 388 (5th Cir. 2019). The elements of a retaliation claim are "(1) a specific constitutional right; (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right; (3) a retaliatory adverse act; and (4) causation." *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). The plaintiff must establish that "but for the retaliatory motive the complained of incident . . . would not have occurred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). This is a significant burden of proof and "[m]ere conclusory allegations of retaliation will not withstand a summary judgment challenge." *Id.* Rather, a plaintiff "must produce direct evidence of motivation or, in the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred.'" *Id.* (quoting *Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988)).

Plaintiff alleges Simon-Hastings retaliated against him because she believed he went over her head when he wrote the August 24, 2019 letter to the Terrell Unit Warden. However, that letter makes no mention of Simon-Hastings, and the only grievance he filed against her occurred *after* he was assaulted on January 7. As a result, outside of Plaintiff's allegations, there is no evidence in the record suggesting he exercised a constitutional right—such as filing a lawsuit or grievance against Simon-Hastings—which might have caused her to retaliate against him. Further, the Court agrees with Simon-Hastings that there is also no direct evidence of motivation in the record, nor has Plaintiff alleged a chronology of events from which retaliation could be inferred: he was moved from the boot camp on August 29, 2019, and then Simon-Hastings transferred him back on January 7, 2020—over four months later. Accordingly, Plaintiff has failed to meet his burden of proof to overcome Simon-Hastings' qualified-immunity defense. This claim is denied.

### IV. Conclusion

It is therefore **ORDERED** that Defendant Simon-Hastings's Motion for Summary Judgment (ECF No. 13) is **GRANTED** and Plaintiff's claims against Simon-Hastings are **DISMISSED WITH PREJUDICE**.

SIGNED this 9th day of June, 2021.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE